McKinney, J.,
delivered the opinion of the Court.
There is no error in this record. True, the certi-orari was improperly granted, first, because the petition sets forth no sufficient cause, and, secondly, because a period of nearly two years elapsed from the rendition of the judgment by the justice,’ before the presentation of the petition for certiorari — no sufficient excuse for the delay being shown in the petition. But, notwithstanding, the motion to dismiss the certiorari was properly refused, because not made until the second term of the Court after the return term of the writ, the supersedeas having been served prior to the return term.
1st. It is well settled in our practice, that if the certiorari has been obtained improperly, or upon an insufficient ground, the party against whom it issued must, at the return term, or at least the first term after service of the supersedeas, avail himself of the objection by rule or motion to dismiss. And his failure to do so will preclude him from objecting after-wards, that the cause stated in the petition is not sufficient, or that the case was not regularly removed into the Superior Court.
2d. It is equally well settled, that neither on a, motion to dismiss the certiorari, nor on the trial of the case upon the merits, is it admissible for the party against whom the writ issued to disprove the *328 truth of the statement made in the petition, as the ground of the application for the certiorari. In a case like the present, where the certiorari is used as a substitute for an appeal, to obtain a new trial, the petition merely serves the purpose of an affidavit for a new trial. The office of the writ of certiorari is simply to remove the case into the Superior Court for a new trial, and the end of the petition is to lay a sufficient ground for the issuance of the writ. At the return term, or at the first term after service of the supersedeas, it is open to the other party to show that the certiorari ought to be dismissed. If this be not done, the petition and writ of certiorari will have served their purpose, and all questions as to the sufficiency of the cause stated in the petition, and as to the regularity of the removal of the cause, are concluded.
3d. This being so, it follows, that a motion in arrest of judgment, founded upon the alleged falsity or insufficiency of the matter of the petition, cannot be entertained.
Judgment affirmed.